MATTER OF GEE

In Deportation Proceedings

A-13705060

*Decided by Board May 31, 1966*

The requirement of section 244(b), Immigration and Nationality Act, as amended, of a minimum period of 24 months in an active-duty status in the Armed Forces of the United States is satisfied by an applicant for suspension of deportation who served in an active-duty status in the Army following induction on February 3, 1956 until discharged January 31, 1958, and whose military record, by direction of the Secretary of War, was subsequently corrected to reflect continuous active duty until February 2, 1958.

CHARGE:

Order: Act of 1952—Section 241(a)(1) [8 U.S.C. 1251(a)(1)]—Excludable at time of entry—no immigrant visa.

DISCUSSION AS TO DEPORTABILITY: The respondent, a native and citizen of China has been found deportable under the provisions of section 241(a)(1) of the Immigration and Nationality Act (8 U.S.C. 1251(a)(1)) as an alien who at the time of entry was within one or more of the classes of aliens excludable by the law existing at the time of such entry, to wit, an alien immigrant not in possession of a valid unexpired immigration visa, reentry permit, border crossing identification card or other valid entry document and not exempted from the possession thereof by the said Act or regulation made thereunder pursuant to section 212(a)(20) of the said Act. An order entered by the special inquiry officer on January 11, 1966 suspends the respondent's deportation under the provisions of section 244(a)(1) of the Immigration and Nationality Act, as amended, (8 U.S.C. 1254(a)(1)). The case has been certified to the Board of Immigration Appeals for final decision because it is one of first impression wherein the Department of the Army has corrected a military record of service thereby enabling the respondent to avoid the seven years of continuous physical presence in the United States for the period preceding the date of his appli-

639

cation for suspension of deportation as provided in section 244(a)(1) of the Immigration and Nationality Act (8 U.S.C. 1254(a)(1)).

The respondent was admitted to the United States at Honolulu, Hawaii on October 13, 1952. He was admitted to the United States upon a false claim of citizenship. He has lived in the United States continuously since his entry with an exception of a trip to Formosa from June 14, 1960 to September 9, 1960. He last entered in September of 1960 to resume his residence in the United States but did not possess an immigration visa. The evidence affirmatively establishes the respondent's deportability as charged in the order to show cause.

DISCUSSION AS TO ELIGIBILITY FOR SUSPENSION OF DEPORTATION: The respondent was married in Formosa on August 18, 1960. Upon his return to the United States he executed a visa petition on behalf of his wife in which he falsely swore that he was a citizen of the United States. The respondent's wife was admitted to the United States on February 22, 1961. They were divorced on March 2, 1965 and he testified that he does not know her present whereabouts, but believes that she is now in Formosa. The respondent traveled to Formosa on a United States passport which he obtained by falsely swearing that he was a United States citizen.

The character investigation conducted by the Immigration Service reveals nothing adverse to the respondent. The record contains affidavits of two citizens of the United States who have known the respondent since 1952 attesting to his good moral character. Local police and Federal records do not disclose anything adverse to the respondent.

The respondent is employed in a laundry and earns $75 a week. He has assets totaling some $5,000. He supports his mother who resides in Hong Kong. His father is deceased. The respondent served honorably in the United States Army from February 3, 1956 until midnight of February 2, 1958 at which time he was relieved from active duty and transferred to the United States Army Reserve to complete his reserve obligation.

The respondent maintains that his deportation would result in a hardship to him because he came to this country when he was 18 years of age and has spent most of his adult life in the United States. He alleges that it would be very difficult for him to obtain a job outside of this country and that he has become accustomed to the way of life here. The special inquiry officer concludes that the respondent's deportation would in fact result in extreme hardship to him and we affirm.

Section 244(a)(1) of the Immigration and Nationality Act pro-

vides, among other things, that to be eligible for suspension of deportation an alien must have been physically present in the United States for a continuous period of not less than seven years. Section 244(b) provides, however, that the physical presence requirement shall not be applicable to an alien who has served for a minimal period of 24 months in an active duty status in the armed forces of the United States. When the case was originally considered by the special inquiry officer in July of 1965, the respondent's military record showed that he was drafted into the United States Army on February 3, 1956 and served in an active duty status until he was discharged on January 31, 1958. Upon discharge he was transferred to the United States Army Reserve and attended reserve duty training meetings on June 19, 20, and 24, 1958 and on August 7, 21, and 28, 1958 for three hour night sessions at which time he was required to be in uniform. The special inquiry officer noting that the respondent's active duty in the Army was two days short of the 24 months required by section 244(b) (*supra*) found him not eligible for suspension of deportation.

Thereafter, upon consent of the respondent's counsel and the trial attorney, the special inquiry officer on January 10, 1966 entered an order which provided that the amended record of the respondent's military service be made a part of the record of the deportation proceedings. The additional evidence which amends the record of the respondent's military service is a decision by the Secretary of the Army which reads as follows:

"AG 201—LEE, BRIAN H.
    US 56 265 486

    MEMORANDUM FOR THE ADJUTANT GENERAL

"Having approved the findings, conclusions and recommendation of the Army Board for Correction of Military Records, and under the provisions of 10 U.S.C. 1552, it is directed:

"That all of the Department of the Army records of BRIAN H. LEE be corrected to show:

    "a. that his relief from active duty on 31 January 1958 was, and is, void and of no force or effect; and

    "b. that he was continued on active duty until 2 February 1958, at which time he was relieved from active duty and concurrently transferred to the United States Army Reserve to complete his Reserve obligation.

                                            (Signed) Stanley R. Resor
                                                     Stanley R. Resor
                                                     Secretary of the Army"

The additional evidence which has been inserted in the record affirmatively establishes that the respondent now meets the requirements for suspension of deportation under the provisions of section 244(a)(1) of the Immigration and Nationality Act since he

qualifies for the exemption provided by section 244(b) of the same Act. The special inquiry officer, however, states in his opinion "by reason of the provisions of subdivision 244(b) he (respondent) is not required to present evidence of good moral character for any specified period." The special inquiry officer notes the fact that the respondent fraudulently obtained a United States passport and fraudulently executed a visa petition on behalf of his wife. The special inquiry officer found the respondent to be a person of good moral character. Another factor warranting the grant of suspension of deportation is the respondent's honorable service in the United States Army.

We affirm the grant of suspension of deportation in this particular case. However, we do not agree with the special inquiry officer that section 244(b) relieves the respondent from the requirement of establishing good moral character. This issue was before us in *Matter of Peralta*, 10 I. & N. Dec. 300, B.I.A., June 19, 1963. We held that whereas an applicant for suspension of deportation within the provisions of section 244(b) may be exempt from establishing good moral character for the period coextensive with the physical presence exemption, he nevertheless must establish good moral character between the date he filed his application and the date it is finally adjudicated. Conduct prior to the date of filing may be considered in determining whether good moral character has been established during this period.

On the basis of the entire record in this case, we are of the opinion that a favorable finding as to the respondent's moral character is warranted in accordance with the standard set forth in *Matter of Peralta*, (supra). The order entered by the special inquiry officer on January 11, 1966 will be affirmed. Cf. *Matter of B—*, 1 I. & N. Dec. 611, B.I.A., November 23, 1943; *Matter of T—*, 1 I. & N. Dec. 158, B.I.A., September 4, 1941.

ORDER: It is directed that the order entered by the special inquiry officer on January 11, 1966 be and the same is hereby affirmed.

It is further ordered that the deportation of the respondent be suspended under the provisions of section 244(a)(1) of the Immigration and Nationality Act, as amended.

It is further ordered that if Congress takes no action adverse to the order granting suspension of deportation, the proceedings be cancelled, and that appropriate action be taken pursuant to section 244(d) of the Immigration and Nationality Act, as amended.

It is further ordered that in the event Congress takes action adverse to the order granting suspension of deportation these proceedings shall be reopened upon notice to the respondent.